# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA  * | |
| * | |
| v.   * | Crim. No. TDC-17-0685 |
| * | |
| ANTONIN DEHAYS  * | |
| * * * * * | |

## UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Antonin DeHays, through undersigned counsel, respectfully requests, pursuant to 18 U.S.C. § 3564(c) and Federal Rule of Criminal Procedure 32.1(c), that this Honorable Court terminate Mr. DeHays' three-year term of supervised release since Mr. DeHays has shown through his conduct over the past two years that supervision is no longer necessary and that early termination is in the interests of justice. In support of this request, undersigned counsel states the following:

1. On April 9, 2018, Mr. DeHays was sentenced by this Court after his plea of guilty to one count of theft of government property, in violation of 18 U.S.C. § 641. The sentence consisted of a term of 364 days' incarceration, followed by three years of supervised release with the added conditions that Mr. DeHays be placed on home detention for the first eight months, with leave for employment and other approved activities. Mr. DeHays was also ordered to complete 100 hours of community service, participate in mental health treatment, pay restitution in the amount of $100 per month, pay a $100 special assessment, and cooperate with immigration officials, among other conditions.

2. At the time of his sentencing, Mr. DeHays had been on pre-trial release for nearly ten months without incident. Mr. DeHays timely self-surrendered, completed his sentence, and

began his term of supervised release on May 10. 2019. While serving more than two years of his three-year term of supervision, Mr. DeHays' conduct has been commendable. He promptly obtained employment, has completed his community service hours, has successfully completed mental health treatment, has consistently made his restitution payments, and has paid his special assessment. Mr. DeHays has now served more than two-thirds of his three-year term of supervised release.

3.  At this time, Mr. DeHays asks this Court to terminate his period of supervised release. This request is appropriate considering Mr. DeHays' conduct while under supervision. In his more than two years of supervision, Mr. DeHays has received no violations. A notice of noncompliance was filed on March 5, 2020, when Mr. DeHays removed his ankle monitor on the final day of his eight-month term of home detention based on a misunderstanding about how the monitor should be removed. The Probation Office requested no action by the Court, noting Mr. DeHays' completion of his term of home confinement. ECF No. 55. Mr. DeHays has otherwise remained fully compliant with his terms of supervised release.

4.  Mr. DeHays recently received an offer of full-time employment by a French heritage after school program. Mr. DeHays has worked as a contract employee for this school for several years, and this opportunity will provide increased responsibility and job security. *See* Exhibit 1. The position would begin in September 2021. Mr. DeHays has fully disclosed his conviction and supervised release, and has been advised that the final approval for his placement in this position will be greatly facilitated if he is no longer on supervised release. *See id.* This position is a significant professional opportunity for Mr. DeHays, and he is eager to accept it.

5.  In view of Mr. DeHays's conduct while on supervised release, there is no further need to keep him under supervision and the jurisdiction of this Court. Moreover, the interests of

justice support terminating his supervised release for the reasons stated above, including the fact that Mr. DeHays should no longer have to suffer the effects of his conditions of his supervision.

6.     Undersigned counsel has conferred with United States Probation Officer Kimberly Lee regarding her position on this motion, who has advised that she does not oppose the motion. Undersigned counsel has spoken with Assistant United States Attorney Kelly Hayes with regard to the requested termination, and she has advised that she also does not oppose this motion.

WHEREFORE, for the foregoing reasons, undersigned defense counsel respectfully asks that this Court terminate Mr. DeHays' term of supervised release.

A proposed order is attached.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
   for the District of Maryland

_____/s/_____
JULIE L.B. STELZIG (#27746)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Office: (301) 344-0600
Fax: (301) 344-0019
Email: julie_stelzig@fd.org

## MEMORANDUM OF POINTS AND AUTHORITIES

1.  Under 18 U.S.C. § 3564(c):

    The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted <u>by the conduct of the defendant released and the interest of justice</u>. (emphasis added)

2.  Section 3583(e) "allows a conduct-based inquiry into the continued necessity for supervision after the individual has served on full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir.1999). Because § 3583(e) affords district courts considerable discretion by directing them to consider the interest of justice, the statute "is not exclusively limited to considerations of conduct." *Id.* at 283.

/s/<br>
JULIE L.B. STELZIG<br>
Assistant Federal Public Defender